IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| CARLOS ARIAS HERRERA<br>INSTITUTIONAL ID No. 99394-274 | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 6:24-CV-00003-BU |
| | § | |
| EDEN DETENTION FACILITY, *et al.*, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Plaintiff CARLOS ARIAS HERRERA, proceeding pro se, is a pretrial detainee at the Eden Detention Center (EDC) in Eden, Texas. Dkt. No. 7 at 3. He brings this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional right to medical treatment by employees of EDC. *Id*. Herrera was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, Dkt. No. 9, and this case was transferred to the undersigned for an initial case review required by that statute. Dkt. No. 10. Herrera consented to the undersigned conducting all further proceedings, including through trial, if necessary, and the entry of a final judgment. Dkt. No. 6.

Herrera filed an Amended Complaint and the Court then ordered him to complete a questionnaire to assist in the factual development of his claims, which he did. Dkt. No. 13. After careful consideration of Herrera's Amended Complaint and the supplements to its claims through his responses to the Court's questionnaire, the Court finds that Herrera's claims must be dismissed.

1

## I.  BACKGROUND

Herrera's Amended Complaint alleges that employees of EDC provided him with "careless medical attention," but he does not specify what medical attention he needed. Dkt. No. 7 at 3. Through the questionnaire, Herrera was asked to specify what medical attention he sought and for which medical conditions. Dkt. No. 12 at 3. In response, Herrera states simply that he "came out positive for TB because of their own mistake and I want them to be punished for this." Dkt. No. 13 at 3. From this, the Court infers that Herrera's claim is that he contracted tuberculosis while at EDC. But he does not explain how or why the EDC medical staff was responsible for his contraction of the disease other than claiming, without supporting facts, that they failed to adequately respond to his sick calls. Dkt. No. 13 at 2–3.

## II.  PRELIMINARY SCREENING

A court must dismiss a complaint filed *in forma pauperis* or by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding in forma pauperis).

A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable

basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' in forma pauperis claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

Dismissal for failure to state a claim—whether under Section 1915(e)(2)(B)(ii), Section 1915A(b)(1), or Rule 12(b)(6)—"turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). Thus, if a plaintiff "plead[s] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief, the claims should not be dismissed merely because the plaintiff fails to articulate the proper legal theory that otherwise makes those facts actionable in court. *Johnson*, 574 U.S. at 11–12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)).

For claims to be substantively plausible, a plaintiff need not establish that the pleaded facts probably occurred as alleged, but the facts must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*,

634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678–79). Even pro se plaintiffs must plead facts that raise the right to relief above a speculative level. *Chhim*, 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). And when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When evaluating a complaint under these standards, courts accept well-pleaded factual allegations as true and liberally construe pro se pleadings, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). The factual allegations do not need to be detailed but, to be well-pleaded, they must amount to more than mere labels, conclusions, or a statement of the legal elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Chhim*, 836 F.3d at 469.

And "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Ultimately, "'[d]etermining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION AND ANALYSIS

In his Amended Complaint, Herrera names EDC and CoreCivic as the sole Defendants. Dkt. No. 7 at 3. CoreCivic is a private company that owns and operates EDC.[1] And all EDC staff involved in Herrera's care were employees of CoreCivic, which he acknowledges. Dkt. No. 13 at 5. Thus, the Court will construe his claims as against CoreCivic and all references below to EDC are intended to refer also to CoreCivic as its owner and operator. Herrera seeks only monetary damages. *Id*. at 4.

### A.   *Herrera is unable to bring a §1983 claim against CoreCivic's employees.*

Section 1983 authorizes private parties to enforce their federal constitutional rights, and some federal statutory rights, against those who act under color of state law, including state and local officials, and municipalities. *See* 42 U.S.C. § 1983; *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978) (holding that municipal entities, including counties, can be liable under § 1983 when a policy, practice, or procedure of the entity is the moving force behind a violation of federally protected rights). To establish a prima facie case under § 1983, a plaintiff must establish "that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the

---

[1] *See* https://www.corecivic.com/facilities/eden-detention-center (last visited February 14, 2024).

deprivation occurred under color of state law." *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

In his questionnaire, Herrera seeks to hold CoreCivic liable for the acts and omissions of its employees who staffed EDC. But he does not claim that any member of the EDC staff was a state actor as required under § 1983, nor are they. Dkt. No. 13 at 4–5. Rather, he acknowledges that the EDC staff is employed by CoreCivic. *Id*.

It is well settled that private corporations that contract with the federal government to confine federal prisoners do not act under color of state law, and neither do their employees. *See Sandoval v. Wackenhut Corr. Corp.*, 21 F.3d 1109, 1994 WL 171703 at *2 n.3 (5th Cir. 1994) ("Because Sandoval was a federal prisoner in the facility, which Wackenhut was under contract with the federal government to operate, his claims cannot be based on § 1983, because no state action was involved." (citing *West*, 487 U.S. at 48)); *see also Eltayib v. Cornell Companies, Inc.*, 533 F. App'x. 414, 414–15 (5th Cir. 2013) (per curiam) ("Cornell, GEO, and their employees are not subject to suit as state actors under § 1983. BSCC is a federal prison and '§ 1983 applies to constitutional violations by state, rather than federal, officials.'").

Here, because the challenged conduct did not occur under color of state law, Herrera cannot establish an essential element of a § 1983 claim. Thus, all § 1983 claims against CoreCivic employees are DISMISSED under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted under .

B. *No* Bivens *remedy exists against CoreCivic employees.*

Herrera claims that the CoreCivic employees violated his constitutional rights while he was a federal detainee at Eden. Accordingly, his civil action may be interpreted as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

There is no statutory counterpart to § 1983 for claims by federal prisoners. But in *Bivens*, the United States Supreme Court recognized an implied cause of action for money damages against federal officers for deprivation of certain constitutional rights. *Id*. at 397. And since that decision, the Supreme Court "has approved of an implied damages remedy under the Constitution itself" only three times – in *Bivens*, 403 U.S. at 397 to enforce "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures" in violation of the Fourth Amendment; in *Davis v. Passman*, 442 U.S. 228 (1979), holding "that the Fifth Amendment Due Process Clause gave [a Congressman's administrative assistant] a damages remedy for gender discrimination"; and in *Carlson v. Green*, 446 U.S. 14 (1980), holding "that the Eighth Amendment Cruel and Unusual Punishments Clause gave [a prisoner] a damages remedy for failure to provide adequate medical treatment." *Ziglar v. Abbasi*, 137 S. Ct. 1843,1854–55 (2017).

Although Herrera does not specifically invoke *Bivens* as the basis for his claims, federal courts have consistently construed actions brought by federal prisoners alleging constitutional violations as *Bivens* claims. But here again, Herrera does not claim that the persons involved were federal officials. He claims, correctly, that they were employees of CoreCivic, a private company. And *Bivens* provides a cause of action only against *federal*

*officials*. 403 U.S. at 397; *see also Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir. 2004) (per curiam) ("*Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement.").

Moreover, the Supreme Court in *Minneci v. Pollard*, 565 U.S. 118 (2012) expressly declined to create an implied damages remedy in the Eighth Amendment context against employees of a privately-operated federal prison. *Minneci* involved a federal prisoner, housed at a facility operated by a private company, who alleged that prison employees had deprived him of medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Id*. at 121. In declining to recognize a *Bivens* remedy against the private company's employees, the Court noted that the fact of government employment status "makes a critical difference." *Id*. at 126. The Court ultimately held that the prisoner could not assert a *Bivens* claim against private prison employees because the alleged conduct typically fell within the scope of state tort law, which "provides an "'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. at 125 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

Following *Minecci*, the Fifth Circuit has held in several unpublished opinions that employees of private companies that operate federal prisons are not liable under *Bivens* for Eighth Amendment violations where the conduct at issue falls within the scope of state tort law. *See Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017) (per curiam) (holding that private prison operated by GEO Group, Inc. and its employees "cannot be liable as private actors under *Bivens*."); *Rodriguez v. Giles W. Dalby Corr. Facility*, 552 F. App'x

8

382, 383 (5th Cir. 2014) ("[B]ecause [defendant] is a private facility, no *Bivens* action is available against either the prison or its employees."); *Eltayib*, 533 F. App'x at 415.

Herrera does not claim the EDC staff was deliberately indifferent to his medical needs. He claims they were negligent. *See* Dkt. Nos. 7 at 4; 13 at 4–6. Under Texas law, a prisoner may pursue medical malpractice claims against a prison healthcare provider. *Tejeda v. Gernale*, 363 S.W.3d 699, 701 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Texas law also provides that a prisoner alleging an Eighth Amendment violation may bring an action for monetary damages against a prison employee.[2] *Birdo v. Debose*, 819 S.W.2d 212, 215–16 (Tex. App.—Waco 1991, no writ). And as the Supreme Court noted in *Minneci*, Texas law imposes general tort duties of reasonable care on prison employees. *See* 565 U.S. at 129 (citing *Salazar v. Collins*, 255 S.W.3d 191, 198–200 (Tex. App.—Waco 2008, no pet.)).

The remedies available through *Bivens* and state tort law "need not be perfectly congruent" so long as they "provide roughly similar incentives for potential defendants to comply with the Eighth Amendment" and "roughly similar compensation to victims of violations" *Minneci*, 565 U.S. at 129–130.

---

[2] While a pretrial detainee's episodic medical care claim is addressed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment as with convicted prisoners, ultimately the Eighth Amendment's "deliberate indifference standard articulated by the Supreme Court in *Farmer v. Brennan . . .* applies to pretrial detainees and convicted prisoners alike." *Thomas*, 614 F. App'x at 778 (citing *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 643 (5th Cir.1996)).

Because state tort law provides remedies for the alleged medical negligence here, the Court finds that no *Bivens* remedy exists against the employees of CoreCivic and Herrera's claims against them are DISMISSED under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted.

C.  *Claims against CoreCivic*

Lastly, as explained above, private corporations that contract with the federal government to confine federal prisoners do not act under color of state law, thus there can be no § 1983 liability against CoreCivic. *See Sandoval*, 1994 WL 171703 at *2 n.3. Similarly, there is no *Bivens* remedy against CoreCivic because a *Bivens* action provides a remedy only for victims of constitutional violations by federal employees in their individual capacities; it does not provide a cause of action against the United States or its contractors. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

Moreover, the Supreme Court expressly declined to extend *Bivens* liability to private companies, like CoreCivic, charged with operating federal prison facilities. *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). In *Malesko*, the Supreme Court found no private right of action exists against the private companies managing a BOP facility, noting that even prisoners housed in BOP run facilities "may not bring a *Bivens* claim against the officer's employer, the United States, or the [Bureau of Prisons]" because such suits are permitted only against federal officers. 534 U.S. at 72. In sum, "*Bivens* . . . is concerned solely with deterring the unconstitutional acts of individual [federal] officers . . . , and [w]hether it makes sense to impose asymmetrical liability costs on private facilities alone is a question for Congress . . . ." *Id*. at 71; *FDIC v. Meyer*, 510 U.S. 471, 485 (1994).

This principle would similarly prevent *Bivens* claims against companies that contract with the United States to operate federal detention centers.

For these reasons, any claims by Herrera under § 1983 and *Bivens* against CoreCivic are DISMISSED under 28 U.S.C. § 1915 as frivolous and for failure to state a claim upon which relief may be granted.

## IV.  FURTHER LEAVE TO AMEND WOULD BE FUTILE

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

Here, Herrera received an opportunity to amend his claims through the Court's questionnaire. *See* Dkt. No. 13. His responses failed to cure the defects within his Complaint. At this point, it is unlikely that Herrera could successfully replead a plausible claim against the Defendants. For this reason, the Court finds that further leave to amend would be futile.

11

## V.  <u>CONCLUSION</u>

For the above reasons, Herrera's claims under 42 U.S.C. § 1983 and *Bivens* against CoreCivic and its employees are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted.

ORDERED this 14th day of February, 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE