IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| CARLOS ARIAS HERRERA,<br>Institutional ID No. 99394-279<br><br>      Plaintiff,<br><br>v.<br><br>EDEN DETENTION CENTER, *et al.*,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:24-cv-00003-BU |

**ORDER DENYING MOTION FOR REOPEN/RECONSIDERATION**

Plaintiff CARLOS ARIAS HERRERA, proceeding pro se, is a pretrial detainee at the Eden Detention Center (EDC) in Eden, Texas. Dkt. No. 7 at 3. He brings this lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional right to medical treatment by employees of EDC. *Id.* Herrera's claims were subject to judicial screening under 28 U.S.C. §§ 1915, 1915A, and the Court dismissed Herrera's claims as frivolous and for failure to state a claim upon which relief may be granted. Dkt. No. 14. The case is back before the Court after Herrera filed a Motion for Reopen/Reconsideration (Dkt. No. 16). For the reasons below, the Motion is DENIED.

In his Motion, Herrera writes:

> I want to redirect my complaint for careless medical attention I received. It cost me to get TB because when we get here they put us in quarantine and test us for TB. I didn't have it but then I got it. You guys have my information, my sick calls to when I complain and need medical attention and they didn't seem to care, maybe because I'm an illegal alien but put my complain is directed to Core Civic medical. I think they didn't

1

> intentionally because they thought I was getting released soon.
> So please help me with my situation.

Dkt. No. 16. The Court is uncertain as to what precisely Herrera wishes to accomplish with his Motion. On its face, though, the Motion asks to redirect Herrera's claims towards Core Civic and seeks reconsideration of the Court's Order dismissing his claims. The Court will construe Herrera's Motion as a motion to alter or amend judgment under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Such a motion is not meant to "rehash[] evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) is designed to allow a party to correct manifest errors of law or fact or to present newly discovered evidence. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Once a court has entered judgment, reconsideration of that judgment "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted).

To determine whether to grant such an extraordinary remedy, a court must assess the need to bring litigation to an end and the need to render just decision on the basis of all the facts. *Id.* Here, though, Herrera has not provided any basis for disturbing the Court's judgment. As detailed in its Order, the Court dismissed Herrera's claims relating to his tuberculosis as frivolous and for fail to state a claim because he sues federal contractors and does not have a cause of action. *See* Dkt. No. 14 at 5–11. Nothing in Herrera's Motion alters the basis for that conclusion. Herrera's Motion asks to direct a claim against a federal

contractor—Core Civic. But the Court also considered and dismissed his claim against Core Civic because it, too, is legally frivolous to the extent it seeks a remedy in federal court under either § 1983 or *Bivens* against a federal contractor, and it fails to state a claim upon which may be granted for the same reasons. *Id*. at 10–11.

Thus, Herrera has not demonstrated a manifest error in this Court's decisions. If Herrera disagrees, then he may appeal this Court's Order and Judgment.

For these reasons, the Motion for Reopen/Reconsideration is DENIED.

ORDERED this 14th day of March 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE